Richahdson, Ch. J.,
delivered the opinion of the court:
The following stipulation has been submitted by the parties and the court is asked to give judgment thereon for claimant, which defendants resist:
“[In the Court of Claims of the United States. Isaiah Buchanan v. The United States and the Apache tribe; band, or nation of Indians. Indian depredation, No. 69.]
“STIPULATION OP PACTS IN ALLOWED CLAIMS.
“It is hereby stipulated and agreed on the part of the claimant in the above-entitled cause, by W. W. Upton, attorney of record, and on the part of the G-overnment by L. W. Colby, *128 Assistant Attorney-General in charge of Indian depredation cases, that the following- facts are shown by the original 2>apers, evidence, records, and reports from governmental departments on file in the office of the clerk of said court.
“I. Isaiah Buchanan, the original claimant, was, at the time of the commission of the depreciations complained of, a citizen of the United States.
“II. That on-day of December,1869, at or near Arizona, near Prescott, certain Indians belonging to the said Apache tribe, band, or nation, took or destroyed property belonging to the said original claimant without just cause or provocation on the part of the owner or agent in charge, and that the same has not been returned or paid for, and was, at said time and place of the value of $2,000.
“III. That the said Apache tribe, band, or nation of Indians were, at the time of the commission oi said depredations, in amity and treaty relations with the United States.
“IV. That on the 27th day of March, 1874-, a claim for said property so taken or destroyed was examined, approved, and allowed by the Secretary of the Interior, or under his direction, in the sum of $2,000 in favor of said Isaiah Buchanan, and thereafter reported with such allowance to Congress by Executive Document No. 125 of the first session of the Forty-ninth Congress of the United States, as claim No. 1264.
“V. That said claim, on March 11,1886, was reported to Congress by the Secretary of the Interior as allowed, and no subsequent action in regard thereto was had by the Secretary of the Interior.
“VI. That neither the said claimant nor the United States elects to reopen said ease and try the same before the court; but the claimant is willing to accept said allowance in full satisfaction and settlement of said claim, and asks to have judgment rendered therefor by said court under the act of Congress approved March 3, 3891, entitled ‘An act to provide for the adjudication and payment of claims arising from Indian depredations.’
“W. W. Upton,

“Attorney for Claimant.

“L. W. Colby,

“Assistant Attorney-General.”

The only question of law is whether or not the claim examined, approved, and allowed by the Secretary of the Interior before the act of March 3, 1885, and reported to Congress March 11, 1886, as previously allowed, without approval subsequent to the former act, is one of those claims included in the following provisions of the act of March 3,1891, chapter 538, section 4 (1 Sup. to B. S., 2d ed., 915):
*129 "Provided, That al] unpaid claims which have heretofore been examined, approved, and allowed by the Secretary of the Interior, or under his direction, in pursuance of the act of Congress making appropriations for the current and contingent expenses of the Indian Department, and for fulfilling treaty stipulations with various Indian tribes, for the year ending June thirtieth, eighteen hundred and eighty-six, and for other purposes, approved March third, eighteen hundred and eighty-five, and subsequent Indian appropriation acts, shall have priority of consideration by such court.
“And judgments for the amounts therein found due shall be rendered, unless either the claimant or the United States shall elect to re-open the case and try the same before the court, in which event the testimony in the case given by the witnesses and the documentary evidence, including reports of Department agents therein, may be read as depositions and proofs:
“Provided, That the party electing to re-open the case shall assume the burden of proof.”
The act of 1885 provides as follows:
“Indian depredation claims: For the investigation of certain Indian depredation claims, ten thousand dollars;
“And in expending said sum the Secretary of the Interior shall cause a complete list of all claims heretofore filed in the Interior Department and which have been approved in whole or in part and now remain unpaid, and also all such claims as are pending but not yet examined, on behalf of citizens of the United States on account of depredations committed, chargeable against any tribe of Indians by reason of any treaty between such tribe and the United States, including the name and address of the claimants, the date of the alleged depredations, by wliafc tribe committed, the date of examination and approval, with a reference to the date and clause of the treaty creating the obligation for payment, to be made and presented to Congress at its next regular session.
“Ancl the Secretary is authorized and empowered, before making such report, to cause such additional investigation to be made and such further testimony to be taken as he may deem necessary to enable him to determine the kind and value of all property damaged or destroyed by reason of the depredations aforesaid, and by what tribe such depredations were committed; and his report shall include his determination upon each claim, together with the names and residences of witnesses and the testimony of each, and also what funds are now existing or to be derived by reason of treaty or other obligation out of which the same should be paid.” (1 Sup. to R. S., 2d ed., p. 913, note 3 to Sec. 1, and 23 Stat. L., 376.)
*130 Marcb 11,1886, the Secretary of the Interior made this report, as follows:
“ DEPARTMENT OP THE INTERIOR,
“ Washington, March 11,1886.
“Sir: I have the honor to transmit herewith a report of the 10th instant from the Commissioner of Indian Affairs, inclosing two lists of Indian depredation claims, Schedule A being a list of claims of citizens of the United States, and Schedule B being a list of claims in fayor of Indians. An index to each list is appended thereto.
“ ‘ The Commissioner submits this report as a compliance, as far as practicable, with the requirements of the first portion of the clause on the subject contained in the Indian appropriation act approved March 3,1885 (23 Stat., 376), which is as follows:
“‘ For the investigation of certain Indian depredation claims, ten thousand dollars; and in expending said sum the Secretary of the Interior shall cause a complete list of all claims heretofore filed in the Interior Department, and which have been approved in whole or in part and now remain unpaid, and also all such claims as are pending, but not yet examined, on behalf of the citizens of the United States on account of depredations committed, chargeable against any tribe of Indians by reason of any treaty between such tribe and the United States, including the name and address of the claimants, the date of the alleged depredations, by what tribe committed, the date of examination and approval, with reference to the date and clause of the treaty creating the obligation for payment, to be made and presented to Congress at its next regular session * * .’
“Very respectfully,
“H. L. Muldrow,
“ Acting Secretary.
“The Speaker op the House op Representatives.”
Accompanying this report was the following report from the Commissioner of Indian Affairs:
“Department op the Interior,
“Oppice op Indian Appairs,
“ Washington, I). G., March 10,1886.
“ Sir : In pursuance of an act of Congress approved March 3,1885, entitled ' An act making appropriations for the current and contingent expenses of the Indian Department, and for fulfilling treaty stipulations with various Indian tribes for the year ending June 30, 1886, and for other purposes,’ I have the honor herewith to transmit a list of claims which have been filed in the Interior Department, and which have been approved in whole or in part and now remain unpaid, and also *131 all such claims as are now pending, bnt not yet examined, on belialf of citizens of the United States on account of depredations committed, chargeable against any tribe of Indians by reason of any treaty between such tribe and the United States, including the name and address of the claimants, the date of the alleged depredations, by what tribe committed, the date of examination and approval, with a reference to the date and clause of the treaty creating the obligation for payment.’
“It contains about 4,500 claims, approximating in amount to about $15,000,000, and has been prepared as strictly in conformity to the requirements of the act as possible, and is submitted in the form of schedules, A and B, with an alphabetical index appended to each.
“ Schedule A contains a list of claims filed in favor of citizens of the United States, arranged and numbered to correspond with their respective number upon the registers.
“Schedule B contains a list of claims filed in favor of Indians, arranged in numerical order from No. 1 to No. 884, inclusive. •
“ Claims numbered 3350 to 3389, inclusive, and those numbered 3798 to 3900, inclusive, being 143 in all, have been filed since the passage of the act of March 3,1885, and have been included among the claims on Schedule A for the information of Congress.
“The Department action shown upon the list is such as was had prior to the passage of the act of the 3d' of March, 1885. To preserve the numerical order of the claims as they appear upon the office registers some claims which have been paid are upon Schedule A, but in every instance where it is so known to the office it is noted on the list. -
“Owing to the absence of papers in many cases, the imperfect preparation of others, and the general uncertain and confused condition of the records, it has been impossible, with the most patient and careful investigation, to obtain the post-office address of all the respective claimants, as well as accurate abstracts of other requisite and important facts.
“ Yery respectfully, your obedient servant,
“J. D.C. AtkiNS,
“ Commissioner.
“The Hon. Seoretaky op the Intekiob.” '
In the long list of claims included in those reports was the present one therein, No 1264, page 92, put down as “allowed, $2.000.”
• The act of 1885 required the Secretary to report at the next session of Congress, among other things, “all claims heretofore filed in the Interior Department and which have been approved, in whole or in part, and now remain unpaid,” and in the second *132 portion of tbe same clause, “and bis report shall include his determination upon each claim.”
The report expressly stated that it was made “ as a compliance, as far as practicable, with the requirements of the first portion of the clause on the subject,” omitting the second portion of said clause 'and putting stars in its place to show that it was omitted intentionally.
On the part of the claimant it is argued that as the Secretary in his repon of March 11, 1886, did not report any determination by himself as required by the act it must be presumed that he adopted the previous approval by his predecessors. Technically, and taken by itself alone, this is plausible, to say the least. But when we consider that the Secretary omitted reference to the portion of the act requiring him to do so, and that the report of the Commissioner of Indian Affairs, upon which the Secretary’s report was founded, says, “the Department action shown upon the list is such as was had prior to the passage of the act of the 3d of March, 1885,” it must be assumed that it was the intention of the Secretary to report not his own action but only the action of his predecessors without either approving or disapproving the same, and such is the conclusion of the court.
The court has also reached the conclusion that so much of the second portion of the clause authorizing the investigation of claims as limited such investigation to the time of making his first report at the then next session of Congress was directory only, and that the whole clause contemplated the reinvestigation of all claims previously allowed.
This appears to have been the construction put upon the act of 1885 by the Secretary of the Interior and the Commissioner of Indian Affairs, who, ever since the passage of that act and up to nearly the time of the passage of the act of 1891, have been investigating claims included in the report of March 11, 1886, sometimes reducing the amount allowed and reporting the same to Congress. (See the first of these reports, H. B.. Ex. Doc. 77, 49th Cong., 2d sess.)
We therefore conclude that it was this last class of cases examined and allowed after the passage of the act of 1885 to which Congress intended to give priority of consideration and a right to judgment for the amounts found due, upon examination, approval, and allowance, in pursuance of the act of 1885 *133 and subsequent Indian appropriation acts, when neither party-elects to open tbe same, and that this report of March 11,1886, was not such an approval of the amounts then reported as allowed.
These questions were not involved in the case of Mitchell, administrator of Beers (27 C. Gis. R., 316.) That case turned upon the action of the Secretary of the Interior after the act of 1885.
The result is that no judgment can be entered on the present stipulation, but the case will be remanded to the general docket for such further action as the parties may choose to take. This will not affect the claimant’s rights when the case is hereafter tried on its merits, but only prevents the claim from having priority of consideration and a judgment of the award, if not opened by either party.